HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. MURPHY, | CASE NO. C17-6059RBL |
| Plaintiff, | ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

THIS MATTER is before the Court on the following Motions: Defendant United States' Motion to Dismiss [Dkt. # 4]; Plaintiff Doctor Murphy's Motion for Review of U.S. Attorney's Certification [Dkt. # 7]; the United States' Motion to Transfer to the District of Oregon [Dkt # 8]; and Murphy's Motion to Remand [Dkt. # 13] the case to Clark County small claims court, where it was originally filed.

This is the third case Murphy has filed arising out of his allegedly unauthorized gynecological examination (and pap smear) of Staff Sergeant Mosebach with the Oregon Air National Guard, where they both served. Murphy was apparently discharged under Other Than Honorable Conditions.

Murphy sued Mosebach for slander and defamation in the U.S. District Court in Oregon, and that case was dismissed. Murphy failed to perfect his appeal and the Ninth Circuit dismissed it. He sued Mosebach in the Oregon federal court again, and the case was again dismissed. Murphy's appeal of that dismissal is pending. Murphy sued Dr. Kjos in Clark County (Washington) small claims court, alleging that she too had defamed him in discussing the underlying incident with another Air National Guard officer. The United States substituted itself as the proper FTCA defendant (certifying that Kjos was acting within the scope of her federal employment), and removed the case to this Court.

The United States seeks dismissal of Murphy's complaint, arguing that he has failed to exhaust his FTCA administrative remedies prior to suing Kjos. It claims that the defect is jurisdictional. It alternatively asks the Court to transfer the case to the U.S. District Court in Oregon because all of the events took place there and Murphy lives there.

Meanwhile, Murphy objects to the U.S. Attorney's certification that Kjos was acting in the scope of her federal employment, and claims that she was not. He claims the certification is not enough and that the United States must prove Kjos was acting in the scope of her employment. Murphy seeks remand[1] to small claims court [Dkt. #13], arguing primarily that Kjos has not proven that she was acting in the scope of her employment.

This latter argument—the core point of each of Murphy's filings—is simply wrong. First, the Certification of Scope is "conclusive unless challenged" and is *prima facie* evidence that the acts were committed in the scope of employment; indeed, it is enough to conclusively establish that fact for purposes of removal. *See* 28 U.S.C. § 2679(d)(1)-(4); *Green v. Hall*, 8 F.3d 694 (9th

---

[1] Murphy's motion is in the form of a letter to the Court that outlines his settlement demand and why he believes Kjos should accept it, claims that her statement was false, and describes yet another lawsuit he plans to file. He also seems to claim that he cannot obtain any redress if Kjos was in fact acting in the scope of her federal employment, though that is not correct.

Cir. 1993). There is no reason to doubt the certification, and in the absence of any evidence that Kjos was acting outside the scope of her employment at the time she made the statement, discovery into this topic is not warranted. *Cf. Meridian Intern. Logistics, Inc., v. United States*, 939 F.2d 740 (9th Cir. 1991) (plaintiff opposed dismissal with evidence challenging the "scope" determination). Murphy has provided no evidence in support of his challenge; he simply argues that it was not her job to defame him. But Kjos was the Commander of the 142nd Medial Group of the Oregon Air National Guard—Murphy's superior—and she has provided evidence from which it can be readily concluded that discussing the sexual assault was entirely within the scope of that duty. [Dkt. # 12]

Murphy's challenge to the Certification of Scope, and his Motion to Remand based on the success of that challenge [Dkt. #s 7 &13] are **DENIED**.

It is also readily apparent that Murphy has not sought to exhaust his FTCA administrative procedures; he claims the certification's inadequacy obviates the need for him to do so. He is wrong on this point, and the United States Motion to Dismiss [Dkt. # 4] based on the failure to exhaust is **GRANTED**. The Motion to Transfer [Dkt. # 8] is **DENIED** as moot.

This matter is dismissed.

IT IS SO ORDERED.

Dated this 6th day of February, 2018.

Ronald B. Leighton
United States District Judge